## Wright Estate

*James F. Geoghegan,* for accountant.

*Ronda G. Friedberg,* for Philadelphia Theological Seminary of St. Charles Borromeo.

TREDINNICK, *J.,* October 6, 1986 — The first and final account of David Reid, administrator b.d.n., c.t.a. under the will of Mary F. Wright dated February 1, 1956, was examined and audited by the court on August 4, 1986.

The account shows a balance of principal and income in the amount of $35,537.98 composed of cash.

The transfer inheritance tax assessed has been paid.

All parties having or claiming any interest in the estate, of whom the accountants have notice, are stated to have received written notice of the audit in conformity with the rules of court, except Gertrude O'Neill and Clair McNulty, recipients of a $100 bequest to each. Accountant has been unable to locate them.

Pursuant to section 3540 of the PEF Code, I will direct that the specific bequests of $100 to Gertrude O'Neill, and to Clair McNulty be paid into the state treasury, through the Department of Revenue, to be held in a custodian capacity subject to refund, without appropriation, pursuant to section 24 of Article III of the Constitution of Pennsylvania. The court

retains jurisdiction with respect to any claim to the fund.

After directing payment of "the expenses of my last illness and funeral" in item first of her will, decedent provided for seven specific bequests in items second through eighth, inclusive in item ninth, the residuary clause, left the residue to her sister, but if she predeceased the testatrix, (which occurred) then decedent provided:

". . . I direct that the said residue be divided into 3 equal shares;

"(a). . . one to . . . Joan Brown

"(b). . . one to . . . St. Charles Borromeo Seminary

. . .

"(c). . . one to . . . Villa Maria College. . . ."

Finally, as relevant here decedent provided in item twelfth:

"All taxes, interest and penalties thereon that become payable by reason of my death . . . shall be paid from my residuary estate."

The attorney general and one of the charities (St. Charles Borromeo Seminary) take the position that while inheritance tax due on the specific bequests should be paid out of residue before division into the designated three shares, the tax due on the taxable portion of the residuary estate (the one-third share payable to Joan Brown) should be paid from that share.

In essence, the question is whether under such circumstances death and inheritance taxes are payable from residue prior to its division into distributive shares, or after, so that charitable deduction shares bear no portion of the tax. The problem has often been addressed by the courts, with varying results.

The controlling statutes, although altered from time to time, have consistently directed the manner

in which taxes are to be apportioned, *in the absence of a contrary intent appearing in the will.*[1]

Currently, the 1982 act provides that in the absence of a contrary intent, tax allocable to a residuary share is to be borne by that share. (section 1744(f)).

The question is whether the above quoted tax clause evidences a "contrary intent."

I last dealt with this issue in *Skeffington Estate,* Fid. R. 2d 80 (1983). I have concluded that under *North's Estate,* 50 D.&C. 703 (1944) and *Audenried Estate,* 376 Pa. 31, 101 A.2d 721 (1954), a direction to pay estate taxes "out of the corpus or principal of my residuary estate," expressed an intent contrary to the statutory scheme. Conversely, a direction to pay all taxes from the residuary estate without the use of the modifying words "corpus" or "principal" was ineffective to alter the statutory scheme (as far as residuary shares were concerned) under *Erieg Estate,* 439 Pa. 550, 267 A.2d 841 (1970). *Skeffington* directed that taxes be paid out of the "principal" of the residuary estate.

Since that decision, only one case dealing with this issue has been called to my attention — *Benham Estate,* 4 Fid.R.2d 202 (1983). That case also contained a tax clause directing that inheritance tax be paid from the residue, without words of modification. Judge Wood noted that the tax clause preceded the residuary clause in the will and considered that important in finding that the intent of the testator was to alter the statutory apportionment scheme. In the present case, the tax clause follows the residuary clause.

---

1. The Tax Apportionment Act of 1937.
The Inheritance and Estate Tax Act of 1961, §718.
The Inheritance and Estate Tax Act of 1982, 72 Pa.C.S. §1744.

I conclude I am bound to follow *Erieg,* and hold that the tax attributable to the residuary share of Joan Brown Kelly shall be allocated to, and paid from, her share alone.

I note that this will was drawn in 1956. At that time, unless a contrary intent was expressed, specific legacies bore the tax allocable thereto. Thus, at the time of its execution, the tax clause in this will had a purpose totally apart from any impact which might have been intended as to residuary shares. Had it been drawn after 1961, when specific bequests were relieved of the burden of tax unless a contrary intent was expressed, a different result might obtain, since the clause would be meaningless unless construed to alter the statutory scheme.

Subject to distributions heretofore properly made and subject to the foregoing, the net ascertained balances of principal and income are awarded as set forth under the last paragraph of the petition for adjudication.

The account is confirmed, and it is hereby ordered and decreed that the aforesaid administrator forthwith pay the distributions herein awarded.

## ORDER

And now, October 6, 1986, this adjudication is confirmed nisi.